1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   C.D. ALSTON,                          No. 2:13-cv-0078-CMK-P

12            Petitioner,

13      vs.                                  <u>ORDER</u>

14   PEOPLE OF SACRAMENTO,

15            Respondent.

16   _____/

17            Petitioner, proceeding pro se, brings this petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of

19   habeas corpus (Doc. 1).

20            Petitioner has not filed a complete application to proceed in forma pauperis as

21   required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required

22   filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be provided the opportunity to

23   submit either a completed application to proceed in forma pauperis, with the required

24   certification, or pay the appropriate filing fee.  As to the certification requirement, it does not

25   appear that petitioner is currently in custody.  Petitioner is warned that failure to comply with this

26   order and resolve the fee status in this case may result in the dismissal of this action for lack of

1    prosecution and failure to comply with court rules and orders.  See Local Rule 110.

2    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

3    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

4    exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

5    instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the

6    exhaustion of available state remedies is required before claims can be presented to the federal

7    court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

8    315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner

9    can satisfy the exhaustion requirement by providing the highest state court with a full and fair

10   opportunity to consider all claims before presenting them to the federal court.  See Picard v.

11   Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

12   Upon review of the instant petition, the court concludes that petitioner has not

13   exhausted state court remedies as to any of his claims.[1]  Petitioner specifically states in her

14   petition that she has only appealed her conviction to the California Court of Appeals, which is

15   still pending, and filed a motion with the Superior Court of Sacramento County regarding

16   insufficient evidence and misconduct.  None of her claims have been raised to the California

17   Supreme Court.  She has therefore not exhausted her state remedies prior to filing this action.

18   Based on the foregoing, petitioner will be required to show cause in writing,

19   within 30 days of the date of this order, why her petition for a writ of habeas corpus should not

20   be summarily dismissed, without prejudice, for failure to exhaust state court remedies.  Petitioner

21   is warned that failure to respond to this order may result in dismissal of the petition for the

22

23   [1]    It also appears that petitioner does not meet the "in custody" requirement of  28
     U.S.C. § 2254.  Section 2254(a)'s "in custody" requirement "has been interpreted to mean that
24   federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the
     conviction or sentence under attack at the time his petition is filed.' " Resendiz v. Kovensky, 416
     F.3d 952, 956 (9th Cir. 2005) (quoting Maleng v. Cook, 490 U.S. 488, 490-91(1989) (per
25   curiam)). The petitioner must be in custody at the time that the petition is filed.  See Carafas v.
     LaVallee, 391 U.S. 234, 238 (1968).  Here, it appears petitioner was not in custody at the time
26   the petition was filed.

reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. <u>See</u> Local Rule 110.  If petitioner agrees that this action should be dismissed without prejudice to renewal following exhaustion of his claims in state court, she should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1.     Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2.     The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner;

3.     Petitioner shall show cause in writing, within 30 days of the date of this order, why her petition for a writ of habeas corpus should not be summarily dismissed, without prejudice, for failure to exhaust state court remedies; and

4.     The Clerk of the Court shall serve a copy of this order on petitioner at the e-mail address she has provided.


DATED:  May 8, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE