1

2

3

4

5

6

7

8      **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     C.D. ALSTON,                                    No. 2:13-cv-0078-JAM-CMK-P

12              Petitioner,

13       vs.                                           <u>FINDINGS AND RECOMMENDATION</u>

14     PEOPLE OF SACRAMENTO,

15              Respondent.

16     _____/

17              Petitioner, proceeding pro se, brings this petition for a writ of habeas corpus

18     pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended petition for a

19     writ of habeas corpus (Doc. 7).

20              On May 8, 2014, the undersigned issued an order to show cause, requiring

21     petitioner to show cause in writing why her petition should not be summarily dismissed, without

22     prejudice, for failure to exhaust state court remedies.  Petitioner has filed a response to the order

23     (Doc. 6), as well as an amended petition (Doc. 7).

24     / / /

25     / / /

26     / / /

1   In the court's prior order, the undersigned discussed the exhaustion of petitioner's

2   state court remedies as follows:

3   Rule 4 of the Federal Rules Governing Section 2254 Cases
    provides for summary dismissal of a habeas petition "[i]f it plainly
4   appears from the face of the petition and any exhibits annexed to it
    that the petitioner is not entitled to relief in the district court."  In
5   the instant case, it is plain that petitioner is not entitled to federal
    habeas relief.  In particular, the exhaustion of available state
6   remedies is required before claims can be presented to the federal
    court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509
7   (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.
    2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner
8   can satisfy the exhaustion requirement by providing the highest
    state court with a full and fair opportunity to consider all claims
9   before presenting them to the federal court.  See Picard v. Connor,
    404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083,
10  1086 (9th Cir. 1986).
            Upon review of the instant petition, the court
11  concludes that petitioner has not exhausted state court remedies as
    to any of his claims.  Petitioner specifically states in her petition
12  that she has only appealed her conviction to the California Court of
    Appeals, which is still pending, and filed a motion with the
13  Superior Court of Sacramento County regarding insufficient
    evidence and misconduct.  None of her claims have been raised to
14  the California Supreme Court.  She has therefore not exhausted her
    state remedies prior to filing this action.

15  (Order, Doc. 5).

16   In response to the order to show cause, petitioner acknowledges that she has not

17  fully exhausted her state court remedies.  She again indicates she has an appeal pending in the

18  California Court of Appeal, but no claim has been raised to the California Supreme Court.  She is

19  essentially requesting this court waive the exhaustion requirement and allow her to proceed with

20  her petition as she has not been successful in her attempts to address her issues with different

21  state and federal agencies, including complaints filed with Internal Affairs, the City of

22  Sacramento, the District Attorney, the mayor, congress, senators as well as this court.  She argues

23  if she is required to exhaust her state court remedies, she will be required to complete her short

24  sentence, which would be unjust.

25  / / /

26  / / /

1    However, as set forth above, pursuant to the ruling by the United States Supreme

2    Court, under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before

3    claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S.

4    509 (1982).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing

5    the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by

6    showing that at the time the petitioner filed the habeas petition in federal court no state remedies

7    are available to the petitioner and the petitioner has not deliberately by-passed the state

8    remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The

9    exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts

10   the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404

11   U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

12   Here, petitioner has not exhausted her claims.  She has neither provided the

13   California Supreme Court the opportunity to rule on the merits of her claims, nor has she shown

14   no state remedies are available.  Petitioner's attempts to have her claims heard by agencies other

15   than the California Supreme Court are insufficient to meet the exhaustion requirements.

16   Petitioner acknowledges her lack of exhaustion in her response to the undersigned's order to

17   show cause.  Her amended petition does not resolve the exhaustion issue, and is not addressed in

18   any significant way.

19   Upon review of the original petition, the petitioner's response to the order to show

20   cause, and her amended petition, the undersigned concludes that petitioner has not exhausted her

21   state court remedies as to any of her claims.  Based on the foregoing, the undersigned

22   recommends that petitioner's petition for a writ of habeas corpus (Docs. 1, 7) be summarily

23   dismissed, without prejudice, for failure to exhaust state court remedies.

24   These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

26   after being served with these findings and recommendations, any party may file written

1  objections with the court.  Responses to objections shall be filed within 14 days after service of

2  objections.  Failure to file objections within the specified time may waive the right to appeal.

3  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5   DATED:  October 29, 2014

6

7                                                    CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4